916 F.2d 26
 286 U.S.App.D.C. 309
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Michael C. COLEMAN, Appellant.
 No. 90-3060.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 12, 1990.
 
 Before SILBERMAN, HENDERSON, and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came on to be heard on the record on appeal from the United States District Court for the District of Columbia, and was briefed and argued by counsel. While the issues presented occasion no need for an opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 14(c) (August 1, 1987). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED, by this Court, that the judgment of the District Court appealed from in this case is hereby affirmed. The District Court acted within its sound discretion in refusing to order disclosure of the informant's identity. The District Court correctly followed Roviaro v. United States in balancing the government's law-enforcement interest in asserting its privilege to withhold the identity of its informants against the potential helpfulness of the informant's testimony to the defendant. 353 U.S. 53, 59-61 (1957). That is not to say that the informant's testimony would not be relevant under Rule 401 of the Federal Rules of Evidence. But there was no showing that the "defendant cannot be tried fairly absent disclosure." U.S. v. Brodie, 871 F.2d 125, 128 (D.C.Cir.1989). We also reject defendant's insufficiency of the evidence claim as without merit. Viewing the evidence in the light most favorable to the government, as we must after a jury verdict of guilty, United States v. Joseph, 892 F.2d 118, 125 (D.C.Cir.1989), there was sufficient evidence upon which a reasonable mind might fairly determine guilt beyond a reasonable doubt. Id. It is
 
 
 3
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2) (August 1, 1987). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.